UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v.                                                    ) | Case No.: 23-CR-126-001 |
|                                                         ) | Honorable Lawrence E. Kahn |
| RUBEN ALTUNAR-LOPEZ          ) | U.S. District Judge – NDNY |
| AKA "HERVIN LOPEZ-JAVIER  ) | SENTENCING MEMORANDUM |

## PROCEDURAL HISTORY

Hervin Lopez-Javier comes before this Court for sentencing after he entered a plea of guilty on both counts of a two-count Information 23-CR-126 on May 17, 2023. Count one charges Transporting Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Count two charges Illegal Re-entry, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Mr. Lopez-Javier was arrested on February 19, 2023. He was ordered detained on February 23, 2023, pending a pre-trial service report. On February 28, 2023, Mr. Lopez-Javier waived his detention hearing. There was no plea agreement in this case, therefore, the government filed an offer of proof.

## OBJECTIONS TO THE PSR

Counsel for Mr. Lopez-Javier has submitted to the probation office a letter articulating his position on the legal matters and the factual contents of the presentence investigation report ['PSR'], including objections to and clarifications of the factual contents. Those objections and clarifications have been incorporated in the addendum to the PSR. Mr. Lopez-Javier seeks no evidentiary hearing on objections affecting the applicable sentencing guidelines.

## SENTENCING GUIDELINE CALCULATION

The PSR calculates Mr. Lopez-Javier's total Criminal History Points as 5, putting him in Criminal History Category III. The defense has not objection to this calculation. For reasons stated in the addendum for the PSR defense has raised objections to the PSR calculations and

requests this court finds that the two offenses should be grouped. Below is a table of the sentencing guideline calculation defense submits is supported by the record:

| Transporting Aliens<br>8 U.S.C. §1324(a)(1)(A)(ii) | | Illegal Re-Entry<br>8 U.S.C. §§1326(a) and (b)(1) | |
|---|---|---|---|
| Base Level Offense | 12 | Base Level Offense | 8 |
| Specific Offense Characteristic: USSG §2L1.1(b)(1) | -3 | Specific Offense Characteristic: USSG §2L1.2(b)(1)(A) | +4 |
| Specific Offense Characteristic: USSG §2L1.1(b)(3)(A) | +2 | Specific Offense Characteristic: USSG §2L1.2(b)(2)(A) | +10 |
| Total Adjusted Level | 13 | Total Adjusted Level | 22 |
| Final Offense Level (Because no grouping should be applied the final offense level after applying a two-level reduction under USSG §3E1.1(a) and a one-level adjustment under Specific Offense Characteristic: USSG §3E1.1(b)) | | | 19 |
| Total Guideline Range: 37-46 months | | | |

**HISTORY AND CHARACTERISTICS OF MR. LOPEZ-JAVIER AND THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

    *i.*    *History and Characteristics of the Defendant*

Mr. Lopez-Javier is 49 years-old. He was born in Huimanguillo, Tabasco, Mexico. His parents, Mateo Lopez-Hernandez and Rosa Javier-Angula are married, and both are still alive. However, Mr. Lopez-Javier's father's health has been in decline due to heart issues and he recently had open-heart surgery in Mexico. Mr. Lopez-Javier has been married to Blanca Gonzalez-Lopez for the past 31 years. They have four children together. His wife worked taking care of their children while Mr. Lopez-Javier worked to provide for the family. His youngest daughter, Diana, is 18 years old, is currently enrolled in college in Mexico, while still living at home.

Mr. Lopez-Javier's adult life has been driven by the desire to provide and protect his family.  From 2001 to 2003 he and his family lived in Indiana, where he worked in factories making car parts or cardboard. He and his wife decided to return to Mexico because they did not have much support or help with their children, who were acting out in school. Upon the family's returned to Mexico he began working as a machine operator, but found the work was sporadic and did not pay well. In 2007 he arranged to be smuggled into the United States to head back to Indiana for stable and better paying factory work. Unfortunately, he did not have enough money to pay the smugglers.  He sat for 20 days in a house, waiting for his family pay the remaining money he owed so he could leave the house. The money never came. He was told he could get out of the smuggling debt by engaging in illegal activity and from there he could be on his way to Indiana. Unfortunately, Mr. Lopez-Javier was arrested for this illegal activity in Texas and was convicted of felony drug possession. This experience of being held in fear and taken advantage of is why Mr. Lopez-Javier decided to pick up his son on the date in question.  He did not want his son or others to be placed in the same desperate situation.

Upon returning to Mexico in 2010 Mr. Lopez-Javier was reunited with his family and began working on oil rigs. He did this until 2014 because the work on the oil rigs dried up due to a shift in Mexican domestic policy regarding investments in seeking and extracting oil. From 2014 to 2020 he worked as a police officer inspecting car accidents. He left the job because he was approached to take bribes by the local cartels and when he refused them, he started to receive threats. In August 2020 he walked-off the job because these threats intensified, and he was not getting help or protection from his superiors. This prompted his attempt to return to the United States again.

Mr. Lopez-Javier is still seeking self-improvement and hope for a stable future for himself when he eventually returns to Mexico. Due to his father's ailing health, he will take over managing the family subsistence farm and plans on starting a car wash/mechanic shop. Mr. Lopez-Javier is making good use of his time in custody, availing himself of educational programs to help him manage both businesses. He has also engaged programs on how to improve relationships with his family. Mr. Lopez-Javier is very clear he cannot and should not return to the United States again. The opportunity for a self-sufficient and stable source of income in addition to his understanding of the potential punishment he would receive should he return to the United States again is motivation enough for him to remain in Mexico.

As noted in ¶ 58 and 59 of the PSR Mr. Lopez-Javier does suffer from the lingering effects of dengue fever. He has high blood pressure and heart issues. Mr. Lopez-Javier was seeing a cardiologist in Indianapolis prior to arrest in this case. During his incarceration he has had significant issues and pain urinating. He has been diagnosed with having a cyst on his bladder and is awaiting further testing and consultation with doctors. Mr. Lopez-Javier is very concerned about the length of time is has taken him to be diagnosed and for follow up with doctors for a treatment plan.

    ii.    <u>Nature and Circumstances of the Offense</u>

On February 19, 2023 at or around 12:53 a.m. Mr. Lopez-Javier drove a pickup truck near the United States and Canadian border around Moores, New York. Mr. Lopez-Javier picked up his son, Hervin Lopez-Gonazlez and other people his son met in Canada. All individuals that Mr. Lopez-Javier picked up did not have permission to be in the United States and Mr. Lopez-Javier knew this and intended on driving them from Moores, New York to Indianapolis, Indiana.

Shortly after Mr. Lopez-Javier picked up his son and the three other people, border patrol signaled for Mr. Lopez-Javier did not pull over. He was signaled by police to stop approximately three times, Mr. Lopez-Javier did increase his speed but contends he was not going more than 80 miles an hour. On the third signal he complied with the signal to stop.

Mr. Lopez-Javier is an alien who is a citizen of Mexico with no legal status in the United States. On or about April 9, 2021, Mr. Lopez-Javier was removed from the United States at the Laredo, Texas port of entry. On or about February 1, 2008, Mr. Lopez-Javier was convicted in the State of Texas for a felony conviction of possession of a controlled substance. Additionally, on or about April 30, 2021, Mr. Lopez-Javier was removed from the United States at San Luis, Arizona port of entry.

## DEFENDANT'S REQUESTED SENTENCE

At the time of sentencing, he will have been in custody for 271 days (8 months and 29 days). Defense is requesting a departure from the guidelines in this case because there is a disproportionate weight on Mr. Lopez-Javier's prior criminal history. Mr. Lopez-Javier's criminal history involved one prior Illegal Re-entry and a felony drug possession case in Texas. This recidivism has been accounted for in both his criminal history and the offense level of the guidelines for both charges he has pled guilty to. The result is a guideline range that does not comport with the factors contemplated in 18 U.S.C. §3553(a)(2).

Mr. Lopez-Javier is asking the court not to impose a fine. As PSR ₱ 73 reports, Mr. Lopez-Javier is represented by assigned counsel. Mr. Lopez-Javier does not have the ability to pay a fine. Furthermore, Mr. Lopez-Javier is asking that no term of supervised release be imposed. Since Mr. Lopez-Javier is deportable after this conviction the court should follow the

guideline recommendation of not imposing a term of supervised release in this case. *See* U.S.S.G. §5D1.1(c). On February 19, 2023, the prior immigration Order of Removal was reinstated against Mr. Lopez-Javier. As a result of the reinstated Order of Removal it is anticipated that once Mr. Lopez-Javier has completed this Court's sentence he will not be released but promptly removed from the United States.

Dated: October 26, 2023

                                    LISA PEEBLES
                                    Federal Public Defender

                By:    */s/ Emma Reynolds*

                          Emma Reynolds, Esq.
                          Assistant Federal Public Defender
                          Bar No.: 704243
                          54 State Street
                          Albany, NY 12207

## CERTIFICATE OF SERVICE

On September 21, 2023, the sentencing memorandum was filed with the court and delivered via ECF/email to the following parties:

Nicholas J. Bavaria, USPO

Matt McCrobie, AUSA

October 26, 2023                    */s/ Emma Reynolds*
                                    Emma Reynolds
                                    Bar # 704243
                                    Assistant Federal Public Defender